Wolf v. City of Sterling.

61 515
163s 469

David Wolf, August Frank, and William McCue, impleaded, etc. v. The City of Sterling in its own behalf and for the use of Evans & Howard Fire Brick Company.

1. Sureties—*On Contractor's Bond not Liable for Materials, etc.*—A contractor entered into an agreement with a city to furnish all labor and materials necessary for the construction of a sewer, and also entered

into a bond for the performance of the contract. *Held*, that the sureties upon the bond could not be held for the payment of materials furnished to the contractor for the completion of the work.

2. SAME—*Extent of the Liability.*—Sureties are bound to the extent of their obligation and no further.

3. PLEADING—*Issues of Law.*—A plea to a declaration which tenders an issue of law only, is bad.

4. DEMURRER—*When to be Carried Back.*—When a demurrer is filed to a plea, and the declaration to which such plea is filed is defective, if the demurrer is sustained to the plea it should be carried back and sustained also to the declaration.

**Debt on Bond.**—New assignment of breaches. Appeal from the Circuit Court of Whiteside County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the May term, 1895. Reversed. Opinion filed December 10, 1895.

J. E. McPHERRAN and A. A. WOLFERSPERGER, attorneys for appellants, contended that nothing can be clearer, both upon principle and authority, than the doctrine that the liability of a surety is not extended by implication beyond the terms of his contract. To the extent and in the manner and under the circumstances pointed out in his obligation, he is bound, and no further. Miller v. Stuart, 9 Wheat. 702; Blair v. Perpetual Ins. Co., 10 Mo. 559; Fuller v. Miller, 21 Md. 8; 3 Parsons on Cont. (8th Ed.), 544.

The measure of liability of sureties is fixed by the terms of the instrument they sign, and such undertaking can not be enlarged or varied by judicial construction. Their undertaking will be construed as the words are ordinarily understood, otherwise obligations might be imposed, never assumed or intended to be assumed by either party. The contract must be strictly construed; liability thereon is never extended beyond the terms of the agreement or at least the manifest import. In case of doubt, the doubt is always solved in favor of the surety. Stull v. Hance, 62 Ill. 52; Mix et al. v. Singleton, 86 Ill. 194.

A wide latitude should be allowed in discovering the intention of the parties. The rights of sureties are always favored in the law, and persons standing in that relation in this class of obligations will not be held, unless an intention

to bind themselves is clearly manifested. Their intentions are alone to govern, when once ascertained, and when there is difficulty in giving a satisfactory interpretation of the language used, and it is the duty of the court to allow every circumstance that can be legitimately brought to bear on the question to be made use of in discovering the real purpose of the parties. Columbus Sewer Pipe Co. v. Ganser, 58 Mich. 385.

C. L. Sheldon and Bennett & Green, attorneys for appellees.

Mr. Presiding Justice Cartwright delivered the opinion of the Court.

The appellants and others were sureties for Michael Real for the faithful performance of a contract entered into by him with the city of Sterling, for the construction of what was called " Avenue G Sewer System." The city brought an action in the Circuit Court upon the obligation, and the damages of the city on account of the failure of Real to comply with the terms of his contract were assessed at $2.44. Judgment was thereupon entered in favor of the city for the sum of $41,402, the penalty of the obligation, and said sum of $2.44 for damages.

Afterward, in pursuance of notice given for that purpose, the city of Sterling, for the use of the Evans & Howard Fire Brick Company appeared in said Circuit Court, at the October term, 1893, and applied for an assessment of damages sustained by said company for which it was alleged that the sureties of Real were liable. More than ten days before said term an assignment of such alleged breach was filed, in which it was averred that Real purchased of said Evans & Howard Fire Brick Company, sewer pipe and other material to be used in the construction of said Avenue G sewer system, and that he had neglected and refused to pay for the same. Pleas to the new assignment were filed, to all of which a demurrer was sustained.

Appellants elected to stand by their pleas, and at the

February term, 1895, there being no pleas on file, a jury was impaneled and a trial was had resulting in a verdict for the plaintiffs in the sum of $3,615.90 damages. Motions for a new trial and in arrest of judgment were made and overruled, and judgment was entered upon the verdict.

Numerous objections were made to the evidence introduced before the jury, and many questions have been presented to this court and argued by the parties, but in the view that we take of the case, it will not be necessary to consider any except the question whether appellants, as sureties for Real, were liable for material contracted for by him for use in the performance of his contract.

The facts alleged in the declaration from which it is claimed that such liability arose were as follows:

The city of Sterling, being about to construct the sewer system in question, advertised for proposals for furnishing materials and doing the work of such construction, stating that plans could be seen and specifications and blank forms for bids could be obtained upon application to the street superintendent, and that each bid must be accompanied by a certified check for $500, to be forfeited to the city in case any bidder or bidders should fail to execute, properly, a contract with good and sufficient sureties, if awarded the contract; but otherwise to be returned to the bidder.

Real made a proposal upon the blank form furnished him for that purpose in pursuance of the advertisement, by which he proposed to furnish all the materials and do all the work required and complete such amount of work as should be awarded to him, in accordance with the specifications thereto annexed and the plans and drawings on file at the office of the city clerk, at the prices named in said proposal, giving the prices separately for pipe sewers, brick sewers, manholes, catch basins and other things required; after which the proposal concluded as follows:

" And I hereby agree to enter into a contract within five days from the date of your acceptance of this proposal to finish and complete said work by the first day of December, A. D. 1891, according to the form hereto attached and the

plans and specifications on file in the office of the city clerk, under which the bid was made, and will furnish such sureties for the faithful performance of such contract, the payment of materials contracted for, and for the payment of laborers' wages and liens that may arise therefrom, as may be approved by the city council."

" In default of the performance of any of the conditions on my part to be performed, the sum of five hundred dollars, which I have this day doposited with the city clerk, shall, at the option of the city council, be absolutely forfeited to the city of Sterling, but otherwise said sum of five hundred dollars shall be returned to J. H. Lawrence, cashier, Sterling National Bank."

Said proposal having been accepted by the city, a contract was entered into August 20, 1891, between the city and Real, by which Real agreed to construct and complete the sewer, furnish material, and perform all other work in connection with the sewer in conformity with said plans, profiles and specifications, which were made a part of the contract and set out at length therein.

The 46th section of the specifications was as follows: " The contractor is to furnish all labor, material and tools necessary to execute the entire work, and all materials must be the best of their kind and the tools must be such as to do the work in the best possible manner. All materials furnished and work done will be inspected by the engineer in charge, and if not in accordance with these specifications, will be rejected, and shall be immediately removed from the vicinity of the work. If the contractor neglects or refuses to remove the work or material as above when ordered, then the engineer shall have the right and authority to stop the whole work at once, and employ men to remove the work or materials at the cost and expense of the contractor."

The only other section having any relation to the question under consideration was No. 104, which was as follows :

" In consideration of the completion by said Michael Real, party of the second part, of all the work embraced in this contract, in conformity with the specifications and stipula-

tions herein contained, and in strict accordance with the instructions of the engineer, the city of Sterling, Illinois, party of the first part, hereby agrees to pay to the said party of the second part the prices named in the 'Proposal' which is hereto annexed, and which is hereby made a part of this contract."

Annexed to the proposal and contract was the obligation sued upon, which was as follows:

"For the faithful performance of all and singular the terms and stipulations of the foregoing contract in every particular, the said Michael Real, party of the second part, as principal, and Jeremiah Brogan, Michael Ryan, Wm. McCue, August Frank, Adam Beien, John Ward, Mary A. O'Rourke, David Wolf and Thomas Igo as sureties, do hereby bind themselves and their respective heirs, executors or administrators, unto the said city of Sterling, party of the first part, in the sum of forty-one thousand and four hundred and two dollars lawful money of the United States, which may be sued for and recovered in full before any court having a competent jurisdiction to try the case."

The pleas to which the demurrers were sustained were six in number. The first averred that the material in question was not used in the construction of the sewer by Real, and never came into his possession; but that on December 13, 1891, he made an assignment for the benefit of his creditors, and that the assignee took said material and sold it and applied the proceeds to the satisfaction of creditors of Real. The second averred that defendants were not liable under their obligations to pay for the material, because such liability was not within their contract. The third alleged that payment for material that Real might use in and about the construction of the sewer, was not within the purview of the obligation entered into; but that a provision of that kind was inserted in the contract without the knowledge or consent of defendants. The fourth set up that the obligation as to payment for material was in excess and a violation of the charter powers conferred upon the city. The fifth averred that no part of the material was used in the construc-

tion of the sewer. And the sixth alleged that the obligation was executed without a good or valuable consideration.

Some of these pleas tendered only an issue of law, and they were all bad for reasons which it is not necessary to state, since we are of the opinion that the demurrer should have been carried back to the assignment which they attempted to answer, and which, in our judgment, constituted no breach of the obligation entered into. The sureties for Real were bound to the extent of their obligation, and no further. Their liability was fixed by the terms of the instrument, and unless the contract for the faithful performance of which they became bound contained an agreement to pay for material contracted for, they could not be held liable therefor. The contract provided that Real should furnish the material; but there was no stipulation contained in it that he should pay for such material. It is contended that the agreement contained in his proposal that he would furnish sureties for the faithful performance of the contract, and the payment for materials contracted for, rendered appellants liable under the provisions of the 104th section above recited, by which the city of Sterling agreed to pay the prices named in said proposal thereto annexed, and which was thereby made a part of the contract.

If it could be said that the part of the proposal by which he agreed to furnish such sureties became a part of the contract for the performance of which appellants became bound, then their obligation would not be that he should pay for the material but that he should furnish the sureties; and if there was any breach of the obligation it would be in the failure to furnish such sureties as might be approved by the city council. No such breach was averred, and there could be no breach of that kind, because the city approved the contract without such sureties and thereby waived the requirement that they should accompany it. But we think it is apparent that the part of the proposal which related to the execution of the contract with sureties, did not become a part of the contract when executed and remain in force after such execution. The purpose of the stipulation, that

the proposal should be a part of the contract, was to fix the prices which the city of Sterling agreed to pay for the work which were named in the proposal and referred to in such stipulation. It could not have been intended that the agreement to execute the contract, and the incidents attending its execution, such as the giving of sureties, or other requirements to complete the contract between the parties, should become a part of the contract when executed. The city was secured in the agreement of Real to do those things by the deposit of the $500 called for by the advertisement and accompanying the proposal. If the city did not require Real to furnish sureties for the payment by him for material contracted for, his failure to do so, or his failure to pay for such material, constituted no breach of appellant's obligation.

For the reasons given, we are of the opinion that the demurrer should have been carried back and sustained to the new assignment.

The evidence introduced before the jury showed the same facts set up in the declaration and supposed breach of the obligation; and, as we think there could be no recovery, the judgment will be reversed, and the cause will not be remanded.